UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

THE TRUSTEES OF COLUMBIA
UNIVERSITY IN THE CITY OF NEW
YORK,

          Plaintiff,

v.

JOHNSON & JOHNSON and ARES
TRADING S.A.,

          Defendants.

CIVIL ACTION No. 04-10742-MLW

## ANSWERS AND AFFIRMATIVE DEFENSES OF THE DEFENDANT, ARES TRADING SA

The Defendant, ARES Trading SA ("ARES") hereby responds to the numbered paragraphs of the Complaint for Declaratory Relief and Breach of Contract filed by the Plaintiff, Trustees of Columbia University in the City of New York ("Columbia").

### THE PARTIES

1.     ARES admits the allegations of this paragraph.

2.     Ares states that it is a Swiss corporation with offices at Chateau de Vaumarcus, 2028 Vaumarcus, Switzerland, and denies the remaining allegations of this paragraph.

3.     ARES is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

BOS1387681.2

## JURISDICTION

4. ARES states that the allegations of this paragraph are conclusions of law which require no response. To the extent that a response to the allegations is required, ARES denies them.

5. ARES states that the allegations of this paragraph are conclusions of law which require no response. To the extent that a response to the allegations is required, ARES denies them.

6. ARES states that the allegations of this paragraph are conclusions of law which require no response. To the extent that a response to the allegations is required, ARES denies them.

## VENUE

7. ARES states that the allegations of this paragraph are conclusions of law which require no response. To the extent that a response to the allegations is required, ARES denies them.

## INTRADISTRICT ASSIGNMENT

8. Since this matter has been transferred to the District of Massachusetts pursuant to an Order from the Judicial Panel on Multidistrict Litigation, Columbia's request for intra district assignment is moot, and requires no response.

### FIRST CLAIM FOR RELIEF
### (Declaratory Judgment)

9. - 13. Columbia's First Claim for Relief was dismissed, with prejudice, pursuant to a Stipulated Order of Dismissal of Columbia University's claims against ARES Trading SA, which was entered by the Court (Wolf, J. – District of Massachusetts) on May 26, 2004. Since that Order dismissed, with prejudice, the

claims covered by Columbia's First Claim for Relief, no response to these allegations is required at this time. To the extent that a response to the allegations is required, ARES denies them.

### SECOND CLAIM FOR RELIEF
### (Breach of Contract)

14.- 17. Columbia's Second Claim for Relief was dismissed, without prejudice, pursuant to a Stipulated Order of Dismissal of Columbia University's claims against ARES Trading SA, which was entered by the Court (Wolf, J. – District of Massachusetts) on May 26, 2004, because that Order not only dismissed, with prejudice, the claims covered by Columbia's First Claim for Relief, it also dismissed, without prejudice, all other remaining claims. Consequently, no response to these allegations is required at this time. To the extent that a response to the allegations is required, ARES denies them.

WHEREFORE, ARES respectfully requests that this Honorable Court:

A.  Dismiss all of Columbia's remaining claims (if any) with prejudice, and enter final judgment in Serono's favor dismissing all of Columbia's claims, with prejudice;

B.  Declare that ARES has no obligation to pay any further royalties to Columbia under the License Agreement;

C.  Award ARES the attorneys' fees and costs that it has incurred in defending against this action; and

D.  Grant such additional or alternative relief as is deemed appropriate.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Complaint must be dismissed for failure to state a claim upon which relief can be granted.

### Second Affirmative Defense

The Complaint must be dismissed for lack of personal jurisdiction over ARES.

### Third Affirmative Defense

The Complaint must be dismissed for improper venue and / or inconvenient venue.

### Fourth Affirmative Defense

The Complaint must be dismissed because Columbia is estopped from bringing its claims against ARES.

### Fifth Affirmative Defense

The Complaint must be dismissed because Columbia has waived any right that it might have had to bring its claims against ARES.

### Sixth Affirmative Defense

The Complaint must be dismissed because Columbia's claims are barred by the doctrine of laches.

### Seventh Affirmative Defense

The Complaint must be dismissed because Columbia's claims are barred by the applicable statutes of limitation.

### Eighth Affirmative Defense

The Complaint must be dismissed because ARES has paid in full all sums owed under the License Agreement, and so Columbia's claims are barred.

### Ninth Affirmative Defense

The Complaint must be dismissed because Columbia's claims are barred by the doctrine of unclean hands.

### Tenth Affirmative Defense

The Complaint must be dismissed for insufficiency of process and / or insufficiency of service of process.

### Eleventh Affirmative Defense

The Complaint must be dismissed because of an accord and satisfaction.

### Twelfth Affirmative Defense

The Complaint must be dismissed because of a release.

### Thirteenth Affirmative Defense

The Complaint must be dismissed because the Stipulated Order of Dismissal of Columbia University's claims against ARES Trading SA, which was entered by the Court (Wolf, J. – District of Massachusetts) on May 26, 2004, not only dismissed, with prejudice, the claims covered by Columbia's First Claim for Relief, it dismissed, without prejudice, all of Columbia's remaining claims.

WHEREFORE, ARES respectfully requests that this Honorable Court:

A. Dismiss all of Columbia's remaining claims (if any) with prejudice, and enter final judgment in Serono's favor dismissing all of Columbia's claims, with prejudice;

B. Declare that ARES has no obligation to pay any further royalties to Columbia under the License Agreement;

C. Award ARES the attorneys' fees and costs that it has incurred in defending against this action; and

- 6 -

D.  Grant such additional or alternative relief as is deemed appropriate.

ARES Trading S.A.

By its attorneys,

Dated: June 14, 2004

*[signature: Fred A. Kelly, Jr.]*
Fred A. Kelly, Jr. (BBO No. 544046)
Nixon Peabody LLP
100 Summer Street
Boston, MA 02110
Tel: 617-345-1000

**CERTIFICATE OF SERVICE**
I HEREBY CERTIFY THAT A TRUE COPY OF THE ABOVE DOCUMENT WAS SERVED UPON THE ATTORNEY OF RECORD FOR EACH OTHER PARTY BY MAIL (BY HAND) ON June 14, 2004.

*[signature: Fred A. Kelly, Jr.]*